**LITIGATION AND BUSINESS LAW GROUP, INC.**
 Michael W. Kinney, Esq. (106781)
1049 Havenhurst, #201
West Hollywood, California 90046
Telephone:  949.285.1064
Email:     mkinney@lblglaw.com

Attorneys for Defendants
P&H Industries, LLC and Gary Hicks

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| P&H CASTERS COMPANY, INC. | Case No.: 5:24-cv-01187-JGB-SPx |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO FRCP 12(B)** |
| v. | |
| P&H INDUSTRIES, LLC. and GARY HICKS; | |
| Defendants. | **DATE:    February 24, 2025**<br>**TIME:    9:00 a.m.**<br>**CTRM:   1** |

## TABLE OF CONTENTS

| | | |
|---|---|---|
| 1.0 | **SUMMARY** | **2** |
| 2.0 | **FACTS** | **2** |
| 3.0 | **LEGAL ARGUMENT** | **5** |
| 3.1 | **THE SECOND CLAIM FOR RELIEF FOR PROMISSORY FRAUD IS BARRED BY THE LITIGATION PRIVILEGE** | **7** |
| 3.2 | **THE FIRST CLAIM FOR RELIEF FOR BREACH OF CONTRACT FAILS AS A MATTER OF LAW** | **11** |

i

TABLE OF AUTHORITIES

FEDERAL AUTHORITIES

**SUPREME COURT CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009)                    6

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 544                                 5

**CIRCUIT AND DISTRICT COURT CASES**

*Associated Gen'l Contractors v. Metro. Water Dist.*, 159 F.3d 1178

(9th Cir. 1998).                                                             5

*Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661(9th Cir. 2000)  5

*Daniel v. County of Santa Barbara*, 288 F.3d 375, 380 (9th Cir. 2002)       5

*In re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1548 n.7 (9th Cir. 1994)  6

*Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203 (9th Cir.2007)  7

*Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008)          5

*Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir.2006)                          6

*Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989)     6

*Padilla v. Yoo*, 678 F.3d 748, 757 (9th Cir. 2012)                          5

*Rasidesch v. Midland Credit Management, Inc.* (2007) 496 F. Supp 2d 1155

*Watson v. Weeks*, 436 F.3d 1152, 1157 (9th Cir. 2006)                       5

*Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987)        6

*United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003)                 6

*Rasidesch v. Midland Credit Management, Inc.* (2007) 496 F. Supp 2d 1155)

*Vess v. Ciba Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003)          7

## *CALIFORNIA CASES*

*Boston v. Nelson* (1991) 227 Cal. App. 3d. 1502, 1507                    9

*Brody v. Montalbano*, 87 Cal.App.3d 725, 733(1978), cert. denied,

444 U.S. 844, 100 S.Ct. 87 (1979).                    8

*Carden* v. *Getzoff* (1987) 190 Cal.App.3d 907                    8

*Crowley v. Katleman*, 8 Cal.4th 666, 695 (1994)                    8

*Gallanis-Politis v. Medina* (2007) 152 Cal App 4th 600, 616                    9

*Herterich v. Peltner*, (2018) 20 Cal. App. 5th 1132, 1139                    9

*Home Ins. Co. v. Zurich Ins. Co.*(2002) 96 Cal.App.4th 17, 24                    9

*Herterich v. Peltner*, (2018) 20 Cal. App. 5th 1132, 1139                    9

*Kashian v. Harriman*, 98 Cal.App.4th 892, 920 (2002)                    8

*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638                    7

*Pettitt* v. *Levy* (1972) 28 Cal.App.3d 484, 487                    8

*Rubin v. Green,* 4 Cal.4th 1187, 1193 (1993)                    9

*Rusheen v. Cohen*, 37 Cal.4th 1048, 1057 (2006)                    8

*Seltzer v. Barnes* (2010), 182 Cal.App.4th 953, 970                    9

*Silberg v. Anderson*, 50 Cal.3d 205, 212 (1990)                    8

*Steiner* v. *Eikerling* (1986) 181 Cal.App.3d 639, 642-643                    8

*Tarmann v. State Farm Mut. Auto. Ins*. Co., 2 Cal. App. 4th 153, 157 (1991).    7

**STATUTES**

Fed. R. Civ. P. 9(b)                                               6

FED. R. CIV. P. 12(b)(6)                                      5

California Civil Code Section 47(b)                    7

Defendants,  P&H INDUSTRIES, LLC. ("PHI") and GARY HICKS ("Hicks") (collectively "Defendants") hereby offer their Memorandum of Points and Authorities in support of their motion to dismiss the Second Amended Complaint of P&H Casters, Inc. ("PHC" or "Plaintiff").

## 1.0    SUMMARY

PHI and PHC signed a settlement agreement (the "Contract") to resolve a prior lawsuit entitled *P&H Industries LLC, a limited liability Company v. P&H Casters, Inc. etc et al* (the "First Action").[1] The Contract, which Plaintiff for strategic reasons elected not to attach to the Second Amended Complaint ("SAC"), is clear and unambiguous. It required Plaintiff to pay PHI a purchase price ("Purchase Price") to acquire various assets of PHI and provided that if Plaintiff was able to obtain certain tariff refunds for PHI that, "*... does not result in any fines, taxes, penalties, claims, duties, and/or liabilities of any kind to PHI, its officers, directors, members or representatives,*" then and only then would Plaintiff be entitled to a credit against the Purchase Price. In other words, if the tariff refunds were income then there would be no credit against the  purchase price.

It is undisputed that Plaintiff did not procure a tariff refund for PHI and that the refund PHI did receive at its own cost and expense was income and as a matter of law a taxable event. Nevertheless, PHC has filed this lawsuit making spurious claims to an offset against the Purchase Price. The entire lawsuit is without merit.

## 2.0    FACTS

On October 7, 2019, PHI filed a complaint against Plaintiff and others in the

---

[1] Plaintiff failed to attach a copy of the Contract to the Complaint. It is attached to the Request for Judicial Notice. In its previous order granting PHI's motion to dismiss the First Amended Complaint with leave to amend, this court took judicial notice of the Contract (Dkt. No. 35)

Superior Court of the State of California, County of Riverside entitled *P&H Industries LLC, a limited liability Company v. P&H Casters, Inc. etc et al* (the "First Action")(Dkt No. 1 in United States District Court, Central District of California Case No. 5:20-cv-00016-JKB-KK). Plaintiff removed the Action to this Court on January 3, 2020, with the Action being assigned Case No. 5:20-cv-00016-JKB-KK. (Dkt No. 1).

In early June 2020, the parties resolved the Action through a written settlement agreement ("Settlement Agreement") and on June 8, 2020 filed a Stipulation for Dismissal without Prejudice and Retention of Jurisdiction ("Stipulation")(Dkt No. 40). On June 17, 2020 the Court entered its order approving the Stipulation and dismissed the Action (Dkt No. 41). A true and correct copy of the Settlement Agreement is attached hereto as Exhibit 1 to the Declaration of Michael W. Kinney.

PHI filed a motion to dismiss the original complaint (Dkt. No. 15) which was granted in part and denied in part with leave to amend. (Dkt 20). Plaintiff then filed a First Amended Complaint (FAC) (Dkt. No. 21).

PHI filed a motion to dismiss various claims for relief in the First Amended Complaint and a Request for Judicial Notice of the Contract which was not attached to the FAC (Dkt No. 23 and 23-3). The court granted PHI's motion in its entirety as well as its Request to Take Judicial Notice of the Contract (Dkt. No. 35).[2] The court gave Plaintiff

---

[2] In footnote 4 of its ruling the court held that "In a motion to dismiss under Rule 12(b)(6), a court may consider "matters of judicial notice" without converting the motion into a motion for summary judgment. U.S. v. Ritchie, 342 F.3d 903, 907–08 (9th Cir. 2003). A court may take judicial notice of an adjudicative fact not subject to "reasonable dispute," either because it is "generally known within the territorial jurisdiction of the trial court," or it is capable of accurate and ready determination by resort to sources whose "accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Proceedings of courts, including orders and filings, are the proper subject of judicial notice when directly related to the case, though not for the truth of the contents of the underlying documents. See United States ex. Rel.

leave to amend which has now resulted in the filing of the Second Amended Complaint ("SAC")(Dkt. No 36).

Relative to the claims raised in the SAC the Settlement Agreement provides as follows:

"PHI agrees to credit against the Purchase Price any monetary government payments received by PHI from any section 301 tariff/duty refund or any other government program that PHC can obtain on behalf of PHI and *at no cost or liability to PHI, after such payment(s) are received into PHI's account and on the condition that application for such government payment(s) and receipt of such payment(s) imposes no financial obligations on behalf of PHI and does not result in any fines, taxes, penalties, claims, duties, and/or liabilities of any kind to PHI, its officers, directors, members or representatives.* PHI agrees to reasonably

---

Robinson Rancheria Citizens Council v. Borneo, Inc., 917 F.2d 244, 248 (9th Cir. 1992). Further, "[c]ertain written instruments attached to pleadings may be considered part of the pleading. Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim. The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." See United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) (citing See Fed. R. Civ. P. 10(c)). Although the Court agrees with Plaintiff that "[n]o settlement agreement was ever filed in court in the [related] action and thus [] the settlement agreement [was] never a 'court record,'" it is still subject to judicial notice because Plaintiff's claims are premised on Defendants' alleged breach of the Agreement. (See Opposition at 6 n.4; FAC.) As such the Agreement is subject to judicial notice. Accordingly, the Court GRANTS the Def. RJN.

cooperate with PHC on efforts to obtain these benefits and provide information about when such benefits have been received. (Emphasis supplied)."

Plaintiff through this new case contends that PHI has breached the Settlement Agreement. Rather than seek to enforce the Settlement Agreement through the retention of jurisdiction provisions of the Stipulation Plaintiff filed a new complaint, and now the SAC, which is defective in multiple respects thereby necessitating this motion.

The parties tried without success to informally resolve this motion through a meet and confer conference. (Declaration of Michael W. Kinney, ¶2).

### 3.0    LEGAL ARGUMENT

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." See FED. R. CIV. P. 12(b)(6). For a 12(b)(6) motion, "all well-pleaded allegations of material fact [are accepted as true] and construe[d] in the light most favorable to the non-moving party." *Padilla v. Yoo*, 678 F.3d 748, 757 (9th Cir. 2012). "[C]onclusory allegations of law and unwarranted inferences" are insufficient. *Associated Gen'l Contractors v. Metro. Water Dist*., 159 F.3d 1178, 1181 (9th Cir. 1998). A complaint must state "evidentiary facts which, if true, will prove [the claim]," *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008), otherwise it will be dismissed. See *Watson v. Weeks*, 436 F.3d 1152, 1157 (9th Cir. 2006).

("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); *Daniel v. County of Santa Barbara*, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct.

544, 555 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). The more stringent pleading requirements of Federal Rule of Civil Procedure 9(b) apply to allegations of fraud. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "Rule 9(b) requires particularity as to the circumstances of the fraud – this requires pleading facts that by any definition are 'evidentiary': time, place, persons, statements made, explanation of why or how such statements are false or misleading." *In re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1548 n.7 (9th Cir. 1994); see also *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) ("A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient.") (citing *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987)).

Regarding claims arising from the breach of a contract, when the contract is not attached, the court may consider the actual contract if it is presented to it (*Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir.2006) (observing that a court "may consider" evidence that is incorporated by reference); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003) (explaining that a document "may be incorporated by reference into a

complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim")). Additionally, in *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1207 (9th Cir.2007), the court explained that "Federal Rule of Civil Procedure 12(b)(6) specifically gives courts the discretion to accept and consider extrinsic materials offered in connection with these motions, and to convert the motion to one for summary judgment when a party has notice that the district court may look beyond the pleadings."

### 3.1    THE SECOND CLAIM FOR RELIEF FOR PROMISORY FRAUD IS BARRED BY THE LITIGATION PRIVILEGE

"The elements of fraud, which give rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638.) To maintain any fraud action, a plaintiff must show that he or she changed position in reliance upon the alleged fraud and was damaged by that change of position. (Civ. Code, § 1709.) Whether based on state or federal law, a cause of action for fraud brought in federal court must meet the requirements of Rule 9(b). *Vess v. Ciba Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) "The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins*. Co., 2 Cal. App. 4th 153, 157 (1991). (citations omitted).

California Civil Code Section 47(b)renders as privileged a publication or broadcast "[i]n any(1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law . . ." The section 47(b) privilege is "absolute" and "bars all tort causes of action except a claim for malicious prosecution." *Hagberg v. California Federal Bank*

*FSB*, 32 Cal.4th 350). The "privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg v. Anderson*, 50 Cal.3d 205, 212 (1990).

The section 47(b) privilege "applies not only to judicial proceedings but to all truth-seeking inquiries, including legislative and other official proceedings." *Crowley v. Katleman*, 8 Cal.4th 666, 695 (1994). The privilege is not limited to statements made during trial or other proceedings "but may extend to steps taken prior thereto or afterwards." *Rusheen v. Cohen*, 37 Cal.4th 1048, 1057 (2006). The privilege "applies to any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved." Silberg, 50 Cal.3d at 212.

A statement in a judicial proceeding is privileged if "it has some reasonably relevancy to the subject matter of the action." Silberg, 50 Cal.3d at 220. "[C]ommunications made in connection with litigation do not necessarily fall outside the privilege simply because they are, or are alleged to be, fraudulent, perjurious, unethical, or even illegal. This is assuming, of course, that the communications are 'logically related' to the litigation." *Kashian v. Harriman*, 98 Cal.App.4th 892, 920 (2002). Doubts as to application of the section 47(b) privilege are "to be resolved in favor of a finding of privilege." *Brody v. Montalbano*, 87 Cal.App.3d 725, 733(1978), cert. denied, 444 U.S. 844, 100 S.Ct. 87 (1979). Thus, the privilege has been applied to suits for fraud ( *Carden* v. *Getzoff* (1987) 190 Cal.App.3d 907; *Steiner* v. *Eikerling* (1986) 181 Cal.App.3d 639, 642-643, negligence and negligent misrepresentation ( *Pettitt* v. *Levy* (1972) 28 Cal.App.3d 484, 487

"California courts and the California legislature have long recognized that any alleged communications made during or in connection with judicial proceedings— including arbitration—are absolutely privileged. Such communications may not form the basis of any subsequent claim against the proponent. 'For well over a century, communications with 'some relation' to judicial proceedings have been absolutely immune from tort liability by the privilege codified as <u>section 47(b)</u>." *Rubin v. Green,* 4 Cal.4th 1187, 1193 (1993)" *Rasidesch v. Midland Credit Management, Inc.* (2007) 496 F. Supp 2d 1155, 1159).

Important is that communications do not need to be made inside a courtroom. *Home Ins. Co. v. Zurich Ins. Co.*(2002) 96 Cal.App.4th 17, 24 (See also: *Herterich v. Peltner*, (2018) 20 Cal. App. 5th 1132, 1139; "The privilege extends to any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even if the publication occurs outside the courtroom in the absence of a court function or the court's officers. ( *Gallanis-Politis v. Medina* (2007) 152 Cal App 4th 600, 616 )....For policy reasons, even malicious or fraudulent communications are privileged under Civil Code section 47, subdivision (b).(Citations omitted).")

The litigation privilege applies to bar claims for fraud. ("the privilege has been applied to suits for fraud, negligence and negligent misrepresentation." *Home Ins. Co. v. Zurich Ins. Co.*at 22 (See also *Seltzer v. Barnes* (2010), 182 Cal.App.4th 953, 970). "The litigation privilege extends to fraudulent statements, even when made to a court, if they were made in furtherance of litigation. ( *Boston v. Nelson* (1991) 227 Cal. App. 3d. 1502, 1507 [intentional misstatements and misleading statements by attorney to trial court were privileged because made in furtherance of litigation]. Moreover, as the California Supreme Court stated, "the only exception to [the] application of section 47(2) [now

section 47(b)] to tort suits has been for malicious prosecution actions. (*Silberg v. Anderson*, 50 Cal.3d 205, 212 (1990)).

Finally, the litigation privilege applies to out of court communications made in settlement discussions. (*Home Ins. Co. v. Zurich Ins. Co.*at 22; *Seltzer v. Barnes* (2010), 182 Cal.App.4th 953, 970).

In *Home Ins. Co. v. Zurich Ins. Co., supra,* insurance carrier brought action against automobile liability insurer to recover for fraudulently misrepresenting liability coverage limits to induce settlement of tort claim. The court sustained the demurrer without leave to amend and the carrier appealed. Appellate court upheld the dismissal with prejudice. In so doing the court held that, "Despite its explicit wording, the privilege described by section 47(b) has been given expansive application by California courts. Although originally enacted with reference to defamation actions alone [citation], the privilege has been extended to *any* communication, whether or not it is a publication, and to *all* torts other than malicious prosecution. [Citations.] Thus, the privilege has been applied to suits for fraud, negligence and negligent misrepresentation , and interference with contract [citation]." Id at 22.

The court then held that, "the litigation privilege applies to the statement alleged as the basis of Home's fraud action as the statement meets the four criteria of the "usual formulation." The statement was made in a judicial proceeding. "The privilege attaches even though the publication was made outside a courtroom, as many portions of a 'judicial proceeding' occur outside of open court. [Citations.]" (Citations omitted) The statement meets the third and fourth criteria as it was made to induce settlement of Pinasco and Main's lawsuit against Canfield."

Based on the four corners of the Second Amended Complaint it is apparent that this case is on all fours with *Home Ins. Co. v. Zurich Ins. Co.* The alleged fraudulent statements were made in a judicial proceeding (specifically a lengthy mediation), though outside a courtroom, by the litigants (Gary Hicks and PHI), to achieve settlement which

has a clear connection to the objects of the litigation. The privilege clearly applies and the fraud claim should be dismissed.

The court in *Seltzer v. Barnes* (2010), 182 Cal.App.4th 953, 970, on essentially the same set of facts, reached an identical conclusion to the court in *Home Ins. Co. v. Zurich Ins. Co.* in dismissing an action for fraud based on alleged fraudulent statements in settlement negotiations. It is absolutely clear that the litigation privilege applies here and the fraud claim must be dismissed with prejudice.

Of further note is that the court in *Home Ins. Co. v. Zurich Ins. Co.* held that, reliance on the representation of available policy limits by counsel was unreasonable as a matter of law because such representation was absolutely privileged under the litigation privilege. Accordingly, the court held no claim for fraud could possibly exist. Id at 22. The exact same rationale applies here and the fraud claim is barred by the litigation privilege and lack of justifiable reliance.

## 3.2    THE BREACH OF CONTRACT CLAIM FAILS AS A MATTER OF LAW.

As a matter of law, a tariff refund is income to the receiving party and is thus a taxable event. The breach of contract claim is entirely based on the alleged predicate fact that Plaintiff was to receive a credit and/or payment from PHI equal to the amount of any tariff refund. This, however, is false. Plaintiff was only entitled to receive a credit against the amounts it was to pay if and only if the receipt of the tariff refund was not a taxable event. In other words, if it was not income.

It is unassailable that the tariff refund was income to PHI (Request for Judicial Notice, IRS Publication 525, p.23). As a matter of law, income of a limited liability company is passed through to its member and if it is a single member limited liability company it is treated as a disregarded entity. ( Request for Judicial Notice, IRS Publication 3402, p.2).

Plaintiff concedes that Gary Hicks is the sole member of PHI (Dkt. No. 36, p3, lines 14-15. Thus, as a matter of law, PHI is treated as a disregarded entity and the tariff

refund is income to Gary Hicks and results in a tax liability. The receipt of the refund income thus created  tax and liability owing by Gary Hicks to the Internal Revenue Service and State of California.

The Contract makes clear that a credit is due to Plaintiff if and only if  a tariff refund "*does not result in any fines, taxes, penalties, claims, duties, and/or liabilities of any kind to PHI, its officers, directors, members or representatives.*"  Therefore, by the express terms of the Contract negotiated throughout a lengthy mediation no credit or refund is due to Plaintiff thereby rendering the breach of contract claim meritless. It should be dismissed with prejudice.

Dated : January 13, 2025      LITIGATION AND BUSINESS LAW GROUP, INC

*Michael Kinney*

_____

Michael W. Kinney, attorney for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system January 13, 2025.

Dated: January 13, 2025                              s/Michael W. Kinney/

Michael W. Kinney, attorney for Defendants